*[handwritten annotations: "All Def... Good I...", "Substitute for 7.05", "for Rules"]*

## 6.21.841A CONTROLLED SUBSTANCES— POSSESSION WITH INTENT TO DISTRIBUTE (21 U.S.C. § 841(a)(1))

The crime of knowingly and intentionally distributing Hydrocodone and Alprazolam, controlled substances, without an effective prescription, to wit, knowing that the prescription for the controlled substances had not been issued for a legitimate medical purpose by a medical practitioner acting in the usual course of professional practice, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(E), has 4 elements, which are:

*One*, the defendant knowingly and intentionally distributed Hydrocodone and Alprazolam, controlled substances on or about August 21, 2014 as charged in Count 2

And the defendant knowingly and intentionally distributed Hydrocodone and Alprazolam, controlled substances and on or about September 4, 2014 as charged in Count 3;

*Two*, the defendant distributed Hydrocodone and Alprazolam without an effective prescription;

*Three,* the prescription for the controlled substances was not issued for a legitimate medical purpose;

*Four,* the prescription for the controlled substances was not issued by a medical practitioner acting in the usual course of professional practice.

You must find the defendant not guilty if you find the person distributed or dispensed controlled substances pursuant to a lawful prescription issued for a legitimate medical purpose by an individual medical practitioner acting the usual course of his or her professional practice. *See U.S. v. Smith,* 573 F.3d 639, 650 (8th Cir. 2009).

If you find the four elements set forth above unanimously and beyond a reasonable doubt, and if you find unanimously and beyond a reasonable doubt that the defendant was not acting in good faith as defined in Instruction No. __, you must find the defendant guilty of the crime of distributing controlled substances. Otherwise, you must find the defendant not guilty.

You must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.  Record your determination for Counts 2 and 3 separately on the Verdict Form.

8th Circuit Model Jury Instructions Modified See U.S. v. Smith, 573 F.3d 639, 650 (8th Cir. 2009).

*[handwritten notes in margins: "All ... good faith ?..." and "Add"]*

## GOOD FAITH

One of the issues in this case is whether the defendant acted in "good faith." "Good faith" is a complete defense to the crime of distributing controlled substances if the defendant did not act with the intent to distribute controlled substances, which is an element of the charge. The phrase "good faith" includes, among other things, an opinion or belief honestly held, even if the opinion is in error or the belief is mistaken. Proof of intent to distribute controlled substances requires more than proof that a defendant only made a mistake in judgment or management, or was careless.

A physician, nurse practitioner or pharmacist, or a person who works with or for one of them may not be convicted when he or she distributes or dispenses controlled substances in good faith for a legitimate medical purpose and in the usual course of professional practice. A controlled substances is distributed or dispensed by a physician, nurse practitioner or pharmacist in the usual course of his or her professional practice and, therefore, lawfully, if the substance is distributed or dispensed by him or her in good faith in medically treating a patient.

When you consider the good faith defense, it is the defendant's belief that is important. It is the sincerity of the defendant's belief that determines if he or she acted in good faith. If the defendant's belief is unreasonable, you may consider that in determining his or her sincerity of belief, but an unreasonable belief sincerely held is good faith.

8th Circuit Model Jury Instructions Modified *See U.S. v. Smith,* 573 F.3d 639, 650 (8th Cir. 2009).

## 11.01 GENERAL VERDICT

VERDICT

We, the jury, find the Defendant Kristen Raines:

Not guilty  _____

Guilty  _____

of the crime of voluntarily and intentionally conspiring with each other and others known and unknown to knowingly and intentionally possess with intent to distribute and dispense, and to distribute and dispense, Hydrocodone, a Schedule II controlled substance, and Schedule III and IV controlled substances, without an effective prescription, to wit, knowing that the prescription for the controlled substance had not been issued for a legitimate medical purpose by a medical practitioner acting in the usual course of professional practice violation of Title 21, United States Code, Section 846, from about June 2014 through about May 5, 2015, as charged in Count 1 of the Indictment [Under Instruction No. _____]

Foreperson _____

Date: _____

8th Circuit Model Jury Instructions

VERDICT

We, the jury, find the Defendant Kristen Raines:

    Not guilty    _____

    Guilty    _____

of the crime of knowingly and intentionally distributing Hydrocodone and Alprazolam, controlled substances, without an effective prescription, to wit, knowing that the prescription for the controlled substances had not been issued for a legitimate medical purpose by a medical practitioner acting in the usual course of professional practice, on or about August 21, 2014, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(E)as charged in Count 2 of the Indictment [Under Instruction No. \_\_\_]

    Foreperson _____

    Date:_____

8th Circuit Model Jury Instructions

VERDICT

We, the jury, find the Defendant Kristen Raines:

    Not guilty    _____

    Guilty       _____

of the crime of knowingly and intentionally distributing Hydrocodone and Alprazolam, controlled substances, without an effective prescription, to wit, knowing that the prescription for the controlled substances had not been issued for a legitimate medical purpose by a medical practitioner acting in the usual course of professional practice, on or about September 4, 2014, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(E) as charged in Count 2 of the Indictment [Under Instruction No. \_\_\_\_]

    Foreperson _____

    Date: _____

8th Circuit Model Jury Instructions

## DUTY OF PHYSICIAN, NURSE PRACTITIONER OR OTHER MEDICAL CARE PROVIDER

In determining whether a prescription was issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his or her professional practice, you may consider only the expert testimony provided by the qualified medical expert engaged in the same type of service or specialty in the locality in which he or she practices, or in a similar locality.

*Add* [handwritten]

Arkansas Model Jury Instruction 1501 Modified